58 CCPA

**S. C. JOHNSON & SON, INC.,**
Appellant,

v.

**WESTERN CHEMICAL COMPANY,**
Appellee.
Patent Appeal No. 8539.

United States Court of Customs and Patent Appeals.
July 1, 1971.

Robert M. Newbury, Chicago, Ill., Helen W. Nies, Arlington, Va. (Pattishall, McAuliffe & Hofstetter, Chicago, Ill.), attorneys of record, for appellant; H. Leroy Richards, E. L. Jensen, Racine, Wis., of counsel.

George A. Garvey, Arlington, Va. (Shlesinger, Arkwright, Garvey & Dinsmore, Arlington, Va.), attorneys of record, for appellee.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and LANDIS, Judge, United States Customs Court, sitting by designation.

BALDWIN, Judge.

The Trademark Trial and Appeal Board by decision [1] dismissed appellant-opposer's opposition to appellee-applicant's registration of the mark T-R-I-F-I-C [2] for urethane gymnasium floor finish. Opposition was based on appellant's alleged prior and continuous use of the marks TRAFFIC-COTE [3] for varnish and floor sealer, TRAFFIC WAX [4] for buffing wax and TRAFFIC GRADE [5] for floor polish. All are suitable for use on gymnasium floors.

There is no question as to the prior use of the appellant. The sole issue before the court is whether appellee's mark T-R-I-F-I-C is so similar to TRAFFIC WAX, TRAFFIC-COTE, and TRAFFIC GRADE, as to be likely, when applied to the respective goods, to cause mistake, confusion or deception. We agree with the board below that it is not.

The appellant's marks are two-word designations, i. e., TRAFFIC WAX, TRAFFIC-COTE and TRAFFIC GRADE. In each instance the word "traffic" is used in connection with another word. Appellee's mark T-R-I-F-I-C, on the other hand, is, we believe, visibly different from the word "traffic". It is obviously a play on, or contraction of, the laudatory term "terrific" and not, as urged by appellant, the word "traffic". Since each of these words has a distinct and separate meaning, it follows that we agree with the conclusion made by the board that the mark sought to be registered neither sounds like the word "traffic" nor suggests it.

In short, we agree that the mark T-R-I-F-I-C is not so similar to the marks TRAFFIC GRADE, TRAFFIC-COTE and TRAFFIC WAX as to be likely to cause confusion, mistake or deception. We therefore *affirm* the decision of the Trademark Trial and Appeal Board.

Affirmed.

---

1. Abstracted at 159 USPQ 796 (1968).

2. Application Serial No. 244,064, filed April 22, 1966.

3. Registration No. 370,447, August 29, 1939, and Registration No. 379, 081, July 2, 1940.

4. Unregistered.

5. Registration No. 778,366, October 13, 1964.